IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN, | CASE No. 1:13-cv-00516-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | (ECF No. 9) |
| RALPH M. DIAZ, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SECOND SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Irvin Van Buren is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on April 10, 2013 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file a first amended complaint. (ECF No. 7.) Plaintiff filed a first amended complaint. (ECF No. 9.) The first amended complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff complains he was subjected to food poisoning and then inadequate medical care violating his Eighth Amendment rights. The named Defendants are (1) Powell, RN at California Substance Abuse and Treatment Facility-Corcoran ("CSATF"), and (2) Diaz, Correctional Officer at CSATF.

Plaintiff alleges that:

He became violently ill after eating the evening meal on April 8, 2012. The next morning his cell-mate told an unidentified staff LVN about Plaintiff's illness and condition. The LVN provided a medical request form, but did not otherwise respond. The cell-mate completed the form because Plaintiff was too ill.

Two hours or so later, Plaintiff got up to vomit and passed out, falling to the floor. Defendant Officer Diaz arrived and had the cell-mate place Plaintiff in a wheelchair and take him to the clinic.

An unidentified medical staff member told Plaintiff to wait outside the clinic. Plaintiff waited for about an hour in the hot sun (which intensified his symptoms) until Defendant Nurse Powell called him in. Plaintiff suggested to Powell he had food poisoning. Powell evaluated him and suggested he was suffering from a virus that was

going around his housing facility. An emergency memorandum warning of the virus outbreak was issued that day by health care staff. Powell denied his requests for a blood draw and to see the doctor. Powell gave him Tylenol and sent him back to his cell. Plaintiff was forced to peddle his wheelchair back to housing, with no assistance from medical staff. He was quarantined in housing for five days.

Plaintiff saw Dr. Jackson at the clinic on April 11, 2012, who found his symptoms consistent with food poisoning, ordered blood tests and prescribed medication. The medication did not arrive for at least two days. The blood draw was not performed until April 18, 2012.

Plaintiff seeks monetary damages.

**IV.    ANALYSIS**

   **A.    Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and, (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.     Conditions of Confinement**

Arguably, Plaintiff is undertaking to allege that the conditions which caused him to become ill from what he believes to have been food poisoning did not meet constitutional standards.

        1.     Legal Standard

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). But "routine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at 1057, quoting Farmer, 511 U.S. at 837. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Id., quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002). The prison official must "know [ ] of and disregard [ ] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

### 2. No Indifference to Serious Risk

Plaintiff may well believe that his medical problems were caused by food poisoning. However, his pleadings contain no basis for this belief other than surmise or conjecture on his part. He alleges nothing that would suggest he is trained and qualified to make such a diagnosis. There is no qualified diagnosis of any food borne illness. Significantly, he does not identify the results of the blood test by Dr. Jackson. He also fails to show any connection between any Defendant and the allegedly tainted April 8th meal. There is no basis in the pleading for concluding that any Defendant was aware that Plaintiff was exposed to a serious risk of food poisoning and intentionally failed to protect against such a serious risk. Indeed, a single instance of serving contaminated food, even if it causes inmate illness, is not sufficient to show cruel and unusual punishment. Islam v. Jackson, 782 F.Supp. 1111, 1114 (E.D. Va. 1992).

Plaintiff was advised in the prior screening order that he could not proceed against unnamed prison officials unless he amended to name "Doe" defendants and then attributed to each knowledge and disregard of a substantial risk of serious harm from unwholesome food. See Farmer, 511 U.S. at 834; Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001).

Plaintiff was previously advised of the deficiencies in this claim and of what was necessary to correct them. He was given an opportunity to correct them. He was unable to do so. No useful purpose would be served in once again advising him of the pleading deficiencies and how to correct them. He will not be given further leave to amend.

### C. Medical Indifference

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary

and wanton infliction of pain,' " and, (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

2.   No Medical Indifference

Plaintiff does not allege facts sufficient to suggest any named Defendant was deliberately indifferent to his serious medical needs. Plaintiff's serious and progressive illness with pain, nausea, diahhrea and vomiting does state a serious medical condition. "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059-60.

However, nothing suggests Defendants intentionally denied, delayed, or interfered with treatment, or intentionally provided medically unacceptable treatment.

a.   Unidentified LVN

Plaintiff alleges an LVN making housing unit rounds on April 9, 2012, having been advised by Plaintiff's cell-mate the Plaintiff was "extremely ill and need[s] to see a doctor", gave Plaintiff a form to fill out but did not respond otherwise. (ECF No. 9, App. A. at 14.) This could suggest medical indifference in some circumstances. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060.

However, Plaintiff must allege harm resulting from the alleged indifference. It does appear Plaintiff passed out in his cell about two hours after the LVN was advised of his illness, but nothing suggests that Plaintiff actually suffered as a result of having passed out. See McGuckin, 974 F.2d at 1060, citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (the delay must have led to further harm in order to claim deliberate indifference).

Additionally, Plaintiff fails to identify the LVN or utilize a "Doe" designation to name this individual as a defendant.

Plaintiff fails to allege facts sufficient to suggest deliberate indifference by this potential defendant.

### b. Correctional Officer Diaz

Plaintiff's allegations against Defendant Correctional Officer Diaz do not suggest deliberate indifference. Indeed, they tend to militate against it. Diaz allegedly ordered Plaintiff transferred to the clinic promptly upon learning of Plaintiff's medical need. Nothing suggests a denial, delay, or interference with needed medical treatment by Defendant Diaz.

Plaintiff fails to allege facts sufficient to suggest deliberate indifference by Defendant Diaz.

### c. Unidentified Medical Clinic Staff

Plaintiff does not identify or name by "Doe" designation the medical staff member who allegedly left him waiting outside the clinic, in the sun, for an hour.

But even if he had, such an allegation alone does not standing alone suggest deliberate indifference and resulting harm. See Toussaint v. McCarthy, 801 F.2d 1080, 1111-12 (9th Cir. 1986), overruled in part on other grounds, Sandin v. Connor, 515 U.S. 472 (1995) (delays necessitated by an evaluation process, generally fail to state a cognizable claim). Plaintiff does not explain the nature and extent to which his symptoms were exacerbated, whether the unidentified staff member was aware of Plaintiff's condition, why there was a delay in being seen by clinic staff, or why he

believes the delay was with deliberate disregard to his serious needs.

Plaintiff fails to allege facts sufficient to suggest deliberate indifference by this potential defendant.

### d.     Nurse Powell

Plaintiff's allegations against Defendant Nurse Powell likewise do not suggest medical indifference. Nurse Powell evaluated Plaintiff and provided treatment. That Powell, in the course of treating him, denied his requests for blood testing and a test of the April 8th meal, as well as his request to see the doctor, suggest the exercise of professional judgment, not a disregard of his serious medical needs.

Plaintiff does not explain how, if at all, Powell was involved in or responsible for Plaintiff having to peddle himself back to housing and how doing so may have impacted his medical condition. The same applies to his claim he was quarantined for five days upon his return to housing.

Plaintiff fails to allege facts sufficient to suggest deliberate indifference by Defendant Powell.

### e.     Unidentified Pharmacy Staff

Plaintiff alleges a two day delay in receiving medication, and a ten day delay in the blood draw prescribed by Dr. Jackson. He does not identify, or name by "Doe" designation, the staff involved. Nor does he explain how and why he believes this relatively short delay was with intentional disregard of his medical needs and how he was harm by the delay, if all.

Plaintiff fails to allege facts sufficient to suggest deliberate indifference by this potential defendant.

Plaintiff will be allowed leave to amend the medical indifference claim. If Plaintiff decides to amend he must allege facts showing, in addition to his serious medical condition, an intentionally indifferent response to that condition by named defendants.

////////
////////

### V. CONCLUSIONS AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff **one final opportunity to file an amended complaint solely as to the Eighth Amendment medical indifference claim**, consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his first amended complaint filed June 24, 2013;

2. Plaintiff's first amended complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   July 16, 2013          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE