# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00516-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 12)**<br><br>**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff Irvin Van Buren is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on April 10, 2013 pursuant to 42 U.S.C. § 1983. Before the Court for screening is Plaintiff's second amended complaint filed on August 1, 2013. For the reasons set forth below, the Court finds that the Second Amended Complaint also fails to state a cognizable claim and ORDERS the action DISMISSED WITH PREJUDICE.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

2

1    Plaintiff complains he was fed a tainted meal on April 8, 2012 and became
2 violently ill. Defendants Powell, RN at California Substance Abuse and Treatment
3 Facility-Corcoran ("CSATF"), and Diaz, Correctional Officer at CSATF, denied him an
4 immediate medical response as required by Title 15 and California Department of
5 Corrections and Rehabilitation ("CDCR") policy and procedure. As a result, Plaintiff
6 suffered pain that could have been avoided through earlier treatment. Plaintiff seeks
7 monetary damages.

8    Specifically Plaintiff alleges that:

9    He became violently ill after eating the evening meal on April 8, 2012. The next
10 morning his cell-mate told LVN Doe, who was making rounds cell to cell during
11 lockdown, about Plaintiff's illness and condition.[1] LVN Doe provided a medical request
12 form. Plaintiff and his cell-mate filled it out and gave it back to LVN Doe.

13    About three hours later Plaintiff became dizzy, vomited and lost consciousness in
14 his cell. His cell-mate called "man down". Defendant Diaz responded and had the cell-
15 mate place Plaintiff in a wheelchair and transport him to the facility clinic. At the clinic an
16 LVN Doe had Plaintiff wait outside in the heat for an hour before seeing Defendant
17 nurse Powell, who evaluated him and sent him back to his cell even though he was still
18 in pain and nauseated. Powell denied Plaintiff's requests for tests and to see a doctor.[2]

19    Plaintiff was quarantined in his cell for several days, as were 20-30 other inmates
20 suffering similar symptoms (attributed by prison staff to contagious viral gastroenteritis).

21    Plaintiff was examined by a clinic doctor three days later and provided blood
22 tests. The doctor advised Plaintiff the gastroenteritis, which could have been caused by
23 food poisoning, had resolved.

24 **IV.   THE ACTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM[3]**

---

[1] Plaintiff does not name Doe(s) in the second amended complaint at section "III. Defendants."
[2] See n.1.
[3] Plaintiff was given leave to amend only as to the Eighth Amendment medical indifference claim. (ECF No. 11 at 9:3-6.) As he was previously advised, Plaintiff does not have individually enforceable rights in: the grievance process, Mann v. Adams, 855 F.2d 639 (9th Cir. 1988); Title 15 regulations, Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); CDCR operations policies, Chappell v. Perrez,

3

A. **Failure to State a Medical Claim**

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Where a delay in treatment is alleged, the plaintiff must show delay led to further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. The delay only rises to a constitutional violation if it caused the prisoner "substantial harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff was advised in the prior screening order that to state a cognizable claim he would have to allege facts showing that Defendants intentionally denied, delayed, or interfered with treatment or intentionally provided medically unacceptable treatment. The allegations in this Second Amended Complaint against Defendants Powell, Diaz and clinic LVN simply restate the allegations in the already screened and rejected First Amended complaint. They remain equally deficient for the same reasons as were stated in this Court's second screening Order.[4]

The allegations against the housing facility LVN do not reflect deliberate indifference. The LVN responded to Plaintiff's needs through use of the medical services request form process. Nothing before the Court suggests the LVN used the request process to delay Plaintiff's access to medical care or that use of the medical

---

2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); an accurate prison file, Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

[4] See ECF No. 11 at ¶¶ IV, C, 2, b, c, d.

1  services request process was medically unacceptable.[5] See Clement v. Gomez, 298
2  F.3d 898, 904, citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995) (deliberate
3  indifference requires a "sufficiently culpable state of mind"); see also Ontiveros v.
4  Marshall, 35 F.3d 571 at *1, *2, (9th Cir. 1994) (no deliberate indifference to
5  gastroenteritis, allegedly caused by food poisoning, where medical staff provided
6  prompt treatment). Plaintiff was not "man down" or unconscious at the time the housing
7  facility LVN Doe visited his cell. When officials "actually knew of a substantial risk to
8  inmate health or safety [they] may be found free from liability if they responded
9  reasonably to the risk . . . ." Farmer v. Brennan, 511 U.S. 825, 844 (1994). Plaintiff has
10 not alleged facts that the LVN responded unreasonably.

11       Plaintiff asserts delay in treatment by the LVN caused him avoidable pain. While
12 pain experienced during a delay in treatment can in some circumstances constitute
13 further injury, the prisoner must show that more timely receipt of medical treatment
14 would have minimized or prevented such pain. See Casey v. Lewis, 834 F.Supp. 1569,
15 1583 (D. Ariz. 1993) (mere delay in medical care, without more, is insufficient to state
16 claim against prison officials for deliberate indifference). Plaintiff does not allege facts
17 suggesting he would have avoided pain had the LVN immediately referred him for
18 definitive treatment. In fact he alleges the opposite, that even after Plaintiff was treated
19 by RN Powell at the clinic, he nonetheless suffered great pain and nausea for the
20 following 3-4 days. (ECF No. 12 at ¶ 21.) He condition then resolved. (Id. at ¶¶ 36, 37.)

21       Nothing before the Court suggests the LVN acted to inflict pain wantonly. The
22 fact that the LVN solicited Plaintiff's medical services request suggests an interest in
23 treating his condition.

24       Plaintiff's belief his condition was an emergency and warranted immediate
25 treatment by a doctor, even if sincerely held, is a lay conclusion based on conjecture
26 and not a sufficient basis for a federal claim. Franklin v. Oregon, 662 F.2d 1337, 1344

---

[5] Merely negligent treatment is not a basis for a § 1983 medical indifference claim. See Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06 (mere 'indifference,' 'negligence', or 'medical malpractice' will not support medical indifference claim).

(9th Cir. 1981) (a difference of opinion between inmate and medical provider will not support medical indifference absent showing of medically unacceptable treatment).

In summary, Plaintiff does not allege or provide facts suggesting indifferent or medically unacceptable treatment of his April 8, 2012 illness.

## V. CONCLUSION AND ORDER

Plaintiff's second amended complaint does not state a claim for relief under § 1983. Having been previously advised of the deficiencies and provided multiple opportunities to correct them, Plaintiff has failed to so do. This reasonably suggests Plaintiff is unable to state a cognizable federal claim arising from the events of April 8, 2012. Further opportunity to amend would be futile.

Accordingly, for the reasons stated above, it is HEREBY ORDERED that:

1. This action is dismissed with prejudice for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
2. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated:   September 30, 2013          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE